IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| JOSHUA JOHNSON, | ) |
| | ) |
| PLAINTIFF, | ) CIVIL ACTION NO. 4:22-cv-4086 |
| | ) |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| COMUSTER AND AMAZON, INC., | ) ON ALL COUNTS |
| | ) |
| DEFENDANT. | ) |
| | ) |

## FIRST AMENDED COMPLAINT

Comes now PLAINTIFF, Joshua Johnson, by and through his undersigned attorneys, for his Complaint against Defendants Comuster and ("Comuster") and Amazon.com, Inc. ("Amazon") related to the design, manufacture, marketing, and sale of Comuster's non-slip bath mat, and in support thereof would show the following:

## I. PARTIES

1. Plaintiff Joshua Johnson is a citizen of Houston, Harris County, Texas. He was severely injured due to Defendant Comuster's defective product, a non-slip bath mat marketed and sold through Amazon, at his home in Harris County, Texas. At the time of injury, Plaintiff was a citizen of Houston, Harris County, Texas.

2. Defendant Comuster is a foreign corporation located at No. 137 Hegang Rd. Tianhe Dist., Guangzhou, Guangdong, CN.

3. Defendant Amazon.com, Inc. ("Amazon") is a Delaware corporation with its principal place of business at 410 Terry Ave. North, Seattle, WA 98109-5210. Amazon may be served with process through its registered agent, Corporation Service Company, 211 East 7th Street, Austin, TX 78701-3218.

4. Comuster is engaged in the business of designing, licensing, manufacturing, testing, advertising, warranting, distributing, supplying, selling, and introducing into the stream of commerce non-slip bath mats. Through Amazon, Comuster sold and marketed its non-slip bath mat in this District and throughout the United States.

5. Plaintiff alleges an amount in controversy in excess of $75,000.00, exclusive of interest and costs.

## II. JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Plaintiff is a resident of the State of Texas and Defendants are foreign corporations; thus, there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.00.

7. This Court has specific personal jurisdiction over Defendants because the defective non-slip bath mat at issue, which was manufactured, marketed, or sold by Defendants, was purchased in Texas by a citizen of Texas. Further, Defendant Comuster's defective non-slip bath mat injured Plaintiff at his home in this District of the State of Texas.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) and 1391(d) due to the fact that a substantial part of the events giving rise to this claim occurred in this District and due to Defendants' substantial contacts with this District, including their marketing and sale of non-slip bath mats and other products in this District.

## III. FACTS

9. In 2022, Plaintiff owned and used a COMUSTER Bathtub and Shower Mats, Extra Long Non-Slip Bath Mat ("Comuster non-slip bath mat"), Amazon Standard Identification Number: B07HKJ2NH1.

10. The Comuster non-slip bath mat was designed, manufactured, and introduced into the stream of commerce by Defendant Comuster, who was engaged in the business of designing, manufacturing, licensing, testing, advertising, marketing, warranting, selling, and distributing various types of household items, including the type of non-slip bath mat which injured Plaintiff. Defendant Comuster sold these products, including the Comuster non-slip bath mat, via Amazon's online marketplace and distribution system.

11. The Comuster non-slip bath mat had been purchased through Amazon's website in January 2022 by Plaintiff. Given the size and reputation of Amazon as a trustworthy online marketplace, Plaintiff believed he could find a good-quality non-slip bath mat on Amazon's website that would function reliably.

12. Because Amazon had heavily promoted its own image as a safe and trustworthy company, Plaintiff never imagined Amazon would have allowed dangerous products like the Comuster non-slip bath mat to be available for sale on its website. Additionally, through her previous experiences using their Amazon accounts to purchase products on Amazon's website, Plaintiff was familiar with the robust communication system Amazon maintained with its account holders and believed that if Amazon ever learned the Comuster Non-slip bath mat was dangerous, then Amazon would conduct a prompt and thorough investigation of that product and, when appropriate, send a similar alert to purchasers of that product and/or completely remove the product from its listings.

13. Amazon voluntarily undertakes to provide several safety-related services for the benefit of individuals who use products purchased through Amazon's website. Amazon's purported goal in offering these services has been to fully vet the safety and reliability of not just the products being sold on Amazon's website but also the sellers whose products were being

sold. Amazon's affirmative representations of reliability and its sales-enhancing services were in place long before Plaintiff's non-slip bath mat was purchased, and they distinguished Amazon from other online marketplaces that acted as hands-off platforms, instead establishing that Amazon's self-chosen role was that of an active marketplace regulator. Amazon has held that role during all times pertinent to Plaintiff's incident.

14. Amazon provided extensive details on its voluntary undertaking in a post it made on its own website in 2019: [1]

> "Amazon strives to be Earth's most customer-centric company, where people can find and discover the widest possible selection of safe and authentic goods, and we work hard to earn and maintain your trust. In 2018 alone, **we invested over $400 million to protect our store and our customers and built robust programs to ensure products offered are safe, compliant, and authentic**. Amazon offers customers hundreds of millions of items, and we have developed, and continuously refine and improve, our tools that prevent suspicious, unsafe, or non-compliant products from being listed in our store.
>
> Our proactive measures begin when a seller attempts to open an account. **Our new seller account vetting includes a number of verifications and uses proprietary machine learning technology that stops bad actors before they can register or list a single product in our store.** All products offered in our stores must comply with applicable laws and regulations, and our own policies. For example, we require toys to be tested to relevant safety standards set by the Consumer Product Safety Commission. **We have a dedicated global team of compliance specialists that review submitted safety documentation, and we have additional qualification requirements that sellers must meet to offer products.** In 2018, our teams and technologies proactively blocked more than three billion suspect listings for various forms of abuse, including non-compliance, before they were published to our store.
>
> Once a product is available in our store, we continuously scan our product listings and updates to find products that might present a concern. Every few minutes, our tools review the

---

[1] https://www.aboutamazon.com/news/company-news/product-safety-and-compliance-in-our-store

-4-

*hundreds of millions of products, scan the more than five billion attempted daily changes to product detail pages, and analyze the tens of millions of customer reviews that are submitted weekly for signs of a concern and investigate accordingly. Our tools use natural language processing and machine learning, which means new information is fed into our tools daily so they can learn and constantly get better at proactively blocking suspicious products.*

*In addition, we provide a number of ways for regulatory agencies, industry organizations, brands, customers, and our customer service teams to report safety issues.* ***When we receive these reports, we move quickly to protect customers, remove unsafe products from our store, and investigate. For example, if a customer reports a concern with a product, a customer service associate can instantly trigger an investigation.*** *Additionally, because of our direct relationships with customers, we are able to trace and directly notify customers who purchased a particular product online and alert them to a potential safety issue—our systems are far more effective than other online and offline retailers and customers can feel confident they'll have the information they need. […]* ***We invest significant resources to protect our customers and have built robust programs designed to ensure products offered for sale in our store are safe and compliant.*** *We want customers to shop with confidence and if ever a customer has a concern, they can contact our customer service team, and we will investigate."*

15. Similarly, Amazon's Help and Customer Service web page explains that:

*"**Amazon works to protect customer**s from risks of injury associated with products offered on Amazon by looking into and taking action on reported complaints and incidents…*

***Amazon monitors the products sold on [its] website*** *for product safety concerns. In concerning, situations, we may remove the product from the website, reach out to sellers and manufacturers for additional information, place relevant warnings on the product detail page or take other actions depending on the situation…*

*[Amazon] reache[s] out to any customer that previously purchased impacted products (and any seller that may have offered such products) to inform them about the recall."*

*See image below:*



16.     Other related services that Amazon offers for the benefit of users like Plaintiff include: approval of all Fulfillment by Amazon ("FBA") products; provision of 24/7 customer service; receiving and processing all FBA product returns (during which time Amazon inspects the FBA product and determines whether the product can be resold); and categorizing FBA

products with the help of both employees and computers/robots, labeling FBA products, and moving them through the distribution process. [2]

17. The contracts between Amazon and its merchants state that Amazon: (a) has the authority to format the product's listing on its online marketplace, which includes how a listing is displayed to consumers; (b) may reject products that Amazon determines are illegal, sexually explicit, defamatory, or obscene; and (c) will require merchants to communicate with their customers exclusively through Amazon's platform, which enables customers to provide user comment reviews on a product's web page listing.

18. Amazon has an established history of monitoring the safety of the products on its website and taking unilateral action to remove dangerous products from the available listings and to warn consumers who purchased such products of the potential hazards they present. This history includes, for example, Amazon's recall on June 30, 2021 of ~4,900 units of children's sleepwear garments that were being sold on Amazon's site by Chinese companies located in the city of Shenzhen. At all relevant times, Amazon maintained the same kind of control over the Comuster non-slip bath mat.

19. Regarding the Comuster non-slip bath mat sold by Amazon, on or around July 9, 2019, a "verified purchaser" posted on Amazon's website the following review of the Comuster non-slip bath mat:[3]

---

[2] This language comes directly from a Draft Administrative Complaint published on June 14, 2021, by the U.S. Consumer Product Safety Commission and publicized online in a CNN article dated July 15, 2021:
https://www.cnn.com/2021/07/15/tech/cpsc-sues-amazon/index.html
https://cpsc.gov/s3fs-public/pdfs/recall/lawsuits/abc/001-In-re-Amazon-com-Inc__.pdf?TvLLxHy1UMfiz3BpfXaKjQy1ibQbYAiU

[3] https://www.amazon.com/product-reviews/B07HKJ2NH1/ref=acr_dp_hist_1?ie=UTF8&filterByStar=one_star&reviewerType=all_reviews#reviews-filter-bar



**LINDA**

★☆☆☆☆  Does not stay in place. High fall risk!

Reviewed in the United States on July 9, 2019

Color: Clear Pink | Verified Purchase

Horrible mat. Does not suction to tub. Dangerous due to slipping. Uncomfortable!

20. Similarly, on September 4, 2022 a verified purchaser left the following review complaining about the Comuster bath mat not sticking to the tub:[4]



Lindsey M

★☆☆☆☆  Wouldn't stick

Reviewed in the United States on September 4, 2022

Color: Clear Pink | Verified Purchase

Definitely didn't work in out tub. Would not stick to the tub. We have a grain on the floor of the tub so it wouldn't stick. (Dry not wet)

21. There are several similar reviews from other verified purchasers of the Comuster non-slip bath mat stating that the Comuster bath mat did not stick to shower or bathtub floor as warranted.

22. Amazon was, therefore, on notice of the unreasonably dangerous nature of the Comuster non-slip bath mat before it was purchased and before Plaintiff was injured by it. The latent condition that made the Comuster non-slip bath mat prone to slip and falls was one that a basic investigation by Amazon would have easily revealed.

23. Despite this, Amazon did nothing to mitigate this danger by: 1) properly vetting Defendant Comuster before listing their products on Amazon's website; 2) properly vetting the Comuster non-slip bath mat before listing it on Amazon's website; 3) recalling, removing, or

---

[4] *Id.*

barring the Comuster non-slip bath mat from Amazon's website, or; 4) warning or otherwise notifying Plaintiff about the unreasonably dangerous nature of the Comuster non-slip bath mat.

24. On October 21, 2022, Plaintiff installed the bath mat as instructed and used his shower with the Comuster non-slip bath mat on the shower floor. Without warning, during typical use, the bath mat shifted from underneath Plaintiff, causing him to fall.

25. Plaintiff sustained a severe cut on or around his right arm, which resulted in a three-day hospital stay, required surgical intervention, and left him with significant scarring.

## IV. CAUSES OF ACTION

### A. Strict Products Liability – Comuster

26. Plaintiff incorporates the allegations contained in the foregoing paragraphs as if fully set forth in the following paragraphs.

27. It was the duty of Defendant Comuster to design, manufacture, test, market, advertise, label, distribute, and sell Comuster non-slip bath mats so they are reasonably safe for foreseeable use.

28. At the time the non-slip bath mat at issue left the control of Defendant Comuster and was sold, it contained one or more conditions that rendered it defective and unreasonably dangerous in light of its nature and intended use.

29. At all times, the Comuster Non-slip bath mat was used in the manner intended, recommended, or reasonably foreseeable by Defendant Comuster. There were and are no other reasonable, secondary causes of Plaintiff's injuries and damages other than the use of the non-slip bath mat.

30. The non-slip bath mat Defendant Comuster manufactured and/or supplied was defective in design, manufacture, and/or warning in that when it left the hands of Defendant

Comuster, the foreseeable risks exceeded the benefits associated with the design and/or formulation of this product.

31. The non-slip bath mat that Defendant Comuster designed, manufactured, marketed, sold, and supplied, and Plaintiff purchased and used was defective in its design, manufacture, and labeling in that Defendant Comuster knew or should have known of its dangers and risks of the overheating component but failed to adequately warn or instruct users like Plaintiff of the nature and extent of those risks.

32. The non-slip bath mat that Defendant Comuster designed, manufactured, and/or supplied was defective in design in that it was more dangerous than an ordinary consumer would expect when used in its intended or reasonably foreseeable manner. Specifically, the non-slip bath mat had poorly designed components that created an unreasonable risk of harm that was unknown and could not have been known by users like Plaintiff.

33. Safer alternative designs of non-slip bath mats are available and are currently marketed by Defendant Comuster.

34. The non-slip bath mat that Defendant Comuster designed, manufactured, and/or distributed was also defective in that Defendant Comuster failed to adequately test this product before placing it into the stream of commerce.

35. As a direct and proximate result of the defective conditions of the non-slip bath mat as manufactured by Defendant Comuster, Plaintiff suffered injuries and damages as described, in excess of $75,000.00.

**B.     Negligence – Comuster**

36. Plaintiff incorporates the allegations contained in the foregoing paragraphs as if fully set forth in the following paragraphs.

37. Defendant Comuster had a duty to exercise reasonable care in the design, manufacture, testing, sale, labeling, and/or distribution of the non-slip bath mat it placed into the stream of commerce, including a duty to assure that the product did not cause unreasonable or unnecessary injury.

38. Defendant Comuster breached their duty of care to Plaintiff through their negligent acts and omissions. Defendant Comuster did not exercise reasonable care in the warning, design, manufacture, sale, testing, labeling, and/or distribution into the stream of commerce of the non-slip bath mat in that Defendant Comuster knew or should have known that the non-slip bath mat could cause serious injuries.

39. Defendant Comuster was negligent in the design, manufacture, sale, testing, and/or distribution of the non-slip bath mat in that it: (a) failed to use due care in designing, formulating, developing, testing, and manufacturing the non-slip bath mat so as to avoid or warn against the described risks to consumers who used the non-slip bath mat; (b) placed an unsafe product into the stream of commerce; and (c) failed to discover or warn of the dangers associated with the use of the non-slip bath mat despite having actual and/or constructive knowledge of such dangers.

40. Defendant Comuster knew or should have known that Plaintiff and other users could foreseeably suffer injuries as a result of Defendant Comuster's failure to exercise ordinary care as described above.

41. As a direct and proximate result of Defendant Comuster's negligence, Plaintiff suffered injuries and damages as described, in excess of $75,000.00.

C. **Breach of Express Warranty – Comuster**

42. Plaintiff incorporates the allegations contained in the foregoing paragraphs as if fully set forth in the following paragraphs.

43. Defendant Comuster was a merchant and seller with respect to the Comuster non-slip bath mat.

44. In order to induce the purchase and/or use of the non-slip bath mat, Defendant Comuster expressly warranted to potential users of the non-slip bath mat that it was safely designed, tested, and manufactured and was safe for the uses for which it was designed and/or advertised to be used. Express warranties were contained in the information on the product pages on Amazon's website and elsewhere.

45. Defendant Comuster breached said warranty in that the non-slip bath mat was not safe to be used for the purposes for which it was manufactured and/or advertised.

46. Plaintiff was injured as a result of detrimental reliance upon Defendant Comuster's express warranties.

47. As a direct and proximate result of one or more of the foregoing breaches of express warranty, Plaintiff suffered injuries and damages as described, in excess of $75,000.00.

D. **Breach of Implied Warranty -- Comuster**

48. Plaintiff incorporates the allegations contained in the foregoing paragraphs as if fully set forth in the following paragraphs.

49. Comuster was a merchant seller with respect to the Comuster Non-slip bath mat.

50. In order to induce the purchase and/or use of the non-slip bath mat, Comuster impliedly warranted to potential users of the non-slip bath mat that it was safely designed, tested,

and manufactured and was safe for the uses for which it was designed and/or advertised to be used.

52. Comuster breached this warranty in that the non-slip bath mat was not safe for the uses for which it was manufactured and/or advertised.

52. Plaintiff was injured as a result of detrimental reliance upon Comuster's implied warranties.

53. As a direct and proximate result of one or more of the foregoing breaches of implied warranty, Plaintiff suffered injuries and damages as described, in excess of $75,000.00.

**E.  Negligence – Amazon**

54. Plaintiff incorporates the allegations contained in the foregoing paragraphs as if fully set forth in the following paragraphs.

55. At all pertinent times, Amazon had voluntarily undertaken to thoroughly vet the safety and reliability of: 1) all sellers who were listing products on Amazon's website and; 2) all products being sold on Amazon's website. Amazon had also voluntarily undertaken to thoroughly investigate all reports of dangerous products on its website, and to protect individuals who used products purchased through Amazon by notifying them of unsafe products. These services were undertaken by Amazon for the benefit of all individuals who used products that had been purchased through Amazon's website, including Plaintiff.

56. The Comuster non-slip bath mat was a product being sold on Amazon's website, and Amazon had voluntarily undertaken to fully vet the safety and reliability of the Comuster Non-slip bath mat before it was listed on Amazon's website. Amazon had also voluntarily undertaken to investigate the dangerous latent condition of the Comuster non-slip bath mat once it was reported by a user, and Amazon was aware of the dangerous condition that injured

Plaintiff well before the Comuster non-slip bath mat was purchased. Finally, Amazon had voluntarily undertaken to protect Plaintiff from the Comuster non-slip bath mat by recalling, removing, or barring the Comuster Non-slip bath mat from Amazon's website or by warning or otherwise notifying Plaintiff about the unreasonably dangerous nature of the Comuster Non-slip bath mat.

57. Based on its voluntary undertaking, Amazon owed Plaintiff a duty to exercise reasonable care in the performance of the above-described safety-related services, and also owed Plaintiff a duty to use the same degree of care that a reasonably careful person would use to avoid harm to others under similar circumstances.

58. Although Amazon knew or should have known the above-described safety-related services were necessary for Plaintiff's protection, it failed to exercise reasonable care in performing those services, thereby violating the above duties. Specifically, Amazon:

(a) failed to properly vet Defendant Comuster;

(b) failed to properly vet the Comuster non-slip bath mat;

(c) exposed and introduced Plaintiff to a dangerous product by recruiting Defendant Comuster to sell on Amazon;

(d) exposed and introduced Plaintiff to a dangerous product by allowing the Comuster non-slip bath mat to be listed on Amazon's website;

(e) ignored the red flags raised by user reviews indicating the Comuster non-slip bath mat was dangerous and failed to properly investigate the dangerous latent condition of the Comuster non-slip bath mat;

(f) failed to warn Plaintiff about the unreasonably dangerous latent condition of the Comuster non-slip bath mat of which Amazon was aware.

59. Plaintiff relied upon Amazon to perform the above-described safety-related services because Plaintiff would not have purchased the Comuster non-slip bath mat through Amazon if they had known Amazon was not the safe and reliable marketplace it put itself out to

be. Plaintiff purchased the Comuster Non-slip bath mat because they believed it would be more reliable than other non-slip bath mats because it was sold on Amazon's website. Amazon guaranteed and promoted the Comuster non-slip bath mat as being safe and lulled Plaintiff—who was unaware it was coming from an unreliable Chinese manufacturer—into a false sense of security. Plaintiff trusted Amazon had confirmed the reliability of Defendant Comuster and the safety of the Comuster non-slip bath mat when they purchased and used the Comuster non-slip bath mat.

60. Additionally, Amazon's failure to properly vet the safety and reliability of Defendant Comuster and the Comuster non-slip bath mat and failure to properly investigate and warn about the dangerous latent condition of the Comuster non-slip bath mat, even after learning of it significantly increased Plaintiff's risk of harm because Plaintiff would never have come across the Comuster non-slip bath mat and purchased it but for its being listed and promoted as a safe product on Amazon's website. He also would never have come across Defendant Comuster at all but for Amazon's active provision of logistical assistance to and recruitment of Defendant Comuster. Similarly, Plaintiff would not have used the non-slip bath mat on the day he was injured if he had been alerted to the non-slip bath mat's danger by Amazon.

61. As a direct and proximate result, Plaintiff was damaged as set forth below.

## V. **DAMAGES**

62. Plaintiff incorporates the allegations contained in the foregoing paragraphs as if fully set forth in the following paragraphs.

63. The facts set out above demonstrate that, as a direct and proximate result of Defendant Comuster and Amazon's conduct, Plaintiff has suffered severe economic and non-

economic losses and injuries for which he is entitled to recover damages in excess of $75,000.00, including without limitation the following:

- (a) bodily injury, disfigurement, conscious pain, suffering, mental anguish, mental suffering, embarrassment, shame, and loss of enjoyment of life;

- (b) the reasonable and necessary expenses for the medical treatment rendered to Plaintiff in the past and that will be medically probable in the future;

- (c) compensation for Plaintiff's permanent mental and physical impairment suffered in the past and in the future;

- (d) all other actual damages available under applicable law;

- (e) costs of this suit; and

- (f) such further relief as this Court deems necessary, just, and proper.

## VI. **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff asks that Defendants Comuster and Amazon.com, Inc. be cited to appear and answer herein. That upon final trial, Plaintiff has judgment against Defendants Comuster and Amazon.com, Inc. in excess of this Court's jurisdictional requisite for actual damages, costs of court, and any other relief that will fairly and adequately compensate for the losses herein alleged.

Respectfully submitted,

**WILLIAMS HART & BOUNDAS, LLP**

By: */s/ Michael A. Samaniego*
    Cesar Tavares
    State Bar No. 24093726
    Alma J. Reyes
    State Bar No. 24064392
    Michael Samaniego
    State Bar No. 24115715
    8441 Gulf Frwy, Suite 600
    Houston, Texas 77017-5001
    (713) 230-2200- Telephone

(713) 643-6226- Facsimile
tavareslitteam@whlaw.com - E-Service Email

**ATTORNEYS FOR PLAINTIFF**

**<u>CERTIFICATE OF SERVICE</u>**

    I hereby certify that on January 9, 2023, a true and correct copy of the foregoing was electronically filed with Clerk of the Court using the CM/ECF system. I further certify that the foregoing document was served via transmission of Notice of Electronic Filing generated by CM/ECF to any and all active CM/EC participants.

*/s/ Michael Samaniego*
Michael Samaniego