IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOSHUA JOHNSON,<br><br>    *Plaintiff*,<br><br>v.<br><br>AMAZON.COM, INC., et al.<br><br>    *Defendants*. | CIVIL ACTION NO. 4:22-CV-04086<br><br>JUDGE DREW B. TIPTON |

**DEFENDANT AMAZON'S REPLY IN SUPPORT OF
ITS MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

## INTRODUCTION

This Court should grant Amazon's Motion to Dismiss the First Amended Complaint. *See* Dkt. #10 (hereafter "Mot."). Plaintiff does not dispute that his negligent-undertaking claim would require "a categorical expansion of the doctrine in Texas." Mot. 10–11. And Plaintiff's Response simply does not grapple with the numerous, well-established barriers to such a novel expansion. He does not square his theory with the Texas Supreme Court's admonition that the negligent-undertaking doctrine is narrow, "will not normally give rise to an obligation," and should not be expanded so as "to discourage people" from going beyond what the ordinary duty of care requires. *Fort Bend Cnty. Drainage Dist.* v. *Sbrusch*, 818 S.W.2d 392, 397 & n.4 (Tex. 1991). Plaintiff overlooks the many Texas precedents refusing to recognize a voluntary undertaking that is broader than the actual contract between the plaintiff and the defendant. *See* Mot. 10. He largely ignores the Texas case law rejecting the use of "promotional material," "broad descriptions," or "general policies or procedures" to find that a "voluntary undertaking exists." *See* Mot. 9, 11, 14. And he does not address the Texas precedents holding that similar theories of "increased risk" or "reliance" were not legally viable. *See* Mot. 14–20.

Even if there were some doubt whether the Texas authorities in Amazon's Motion foreclose Plaintiff's claim, dismissal would still be required under the presumption against using "diversity jurisdiction to expand state law beyond its presently existing boundaries." *Bellum* v. *PCE Constructors, Inc.*, 407 F.3d 734, 742 (5th Cir. 2005) (cleaned up). As this Court is well aware, a "federal court sitting in diversity is bound to apply the law that would be utilized by the underlying state court." *Cent. Mut. Ins. Co.* v. *Davis*, 576 F. Supp. 3d 493, 500 (S.D. Tex. 2021) (Tipton, J.). This Court must assess any extension of Texas law by looking first to the "decisions of the Texas Supreme Court in analogous cases" and then to "lower state court decisions." *Civelli* v. *J.P. Morgan Sec., L.L.C.*, 57 F.4th 484, 493 (5th Cir. 2023) (cleaned up). Plaintiff has not identified a

single Texas decision holding, or even suggesting, that a negligent-undertaking claim can be maintained in circumstances like this. And this Court "cannot expand … the laws of the State of Texas." *Folks* v. *Kirby Forest Indus. Inc.*, 10 F.3d 1173, 1182 (5th Cir. 1994). This Court should therefore dismiss the claim against Amazon.

A. **There cannot be a "voluntary undertaking" beyond the scope of Amazon's actual contractual relationship with Plaintiff.**

Plaintiff's claim is foreclosed by Texas precedents holding that "a "negligent undertaking theory is not appropriate" in cases where "liability can be governed" by a "contractual obligation" between the parties. *De Sanchez* v. *Sporran EE, Inc.*, 2010 WL 3420572, at *5 (Tex. App.—Corpus Christi–Edinburg Aug. 31, 2010, no pet.) (mem. op.); *see also* Mot. 10 (collecting cases). Plaintiff does not deny that the purchase here was "an ordinary sale" through the Amazon.com website, as described by the Texas Supreme Court in *Amazon.com, Inc.* v. *McMillan*, 625 S.W.3d 101, 104 (Tex. 2021). Nor does he dispute that "all customers must agree" to "the website's 'Conditions of Use' … when making a purchase" on Amazon.com. *Id.* That alone is fatal to his negligent-undertaking claim because the *Conditions of Use* disclaims any responsibility for third-party products. *See* Mot. 9–10 & n.4. None of the authorities cited in the Response hold—or even hint—that Texas plaintiffs can allege an "undertaking" that is beyond the scope of the actual contract between the parties. *See* Dkt. #12 (hereafter "Resp.") 3–7.

This principle eliminates any need for this Court to consider whether Plaintiff has established a "voluntary undertaking" based on his allegations about Amazon's webpages, its product-safety program, or his past experience with Amazon as potential grounds for him claiming a "voluntary undertaking" by Amazon. *See* Mot. 9–10 & n.4. Plaintiff has not—and cannot—allege that Amazon's product-safety efforts were within "the specific scope of services agreed on by" Amazon and Plaintiff when he purchased the bathmat from Comuster on Amazon.com. *See*

*Kuentz* v. *Cole Sys. Group, Inc.*, 541 S.W.3d 208, 218 (Tex. App.—Houston [14th Dist.] 2017, no pet.). The "standard scope of services" set forth in the *Conditions of Use* defines "the actual undertaking." *Id.* That principle forecloses any legal possibility of Plaintiff maintaining a negligent-undertaking claim here.

**B.    Plaintiff has not identified an express promise or an affirmative course of action by Amazon that can qualify as a "voluntary undertaking" under Texas law.**

Plaintiff's claim fails at the first step of the negligent-undertaking inquiry because he has not identified an "express promise" or "affirmative course of action" that can qualify as a negligent undertaking under Texas law. Mot. 8 (cleaned up). The arguments Plaintiff makes are unavailing.

Plaintiff's first argument tries to misdirect this Court by quoting a different portion of the opinion in *Texas* v. *American Tobacco Co.*, 14 F. Supp. 2d 956 (E.D. Tex. 1997). *See* Resp. 4. The passage that Plaintiff quotes is a summary of the defendants' argument to the district court, *see Am. Tobacco*, 14 F. Supp. 2d at 973 ("Defendants have argued that no Texas court has extended [the doctrine] to create a 'duty' based only on an advertisement."). But the passage on which Amazon relies, and which Plaintiff does not address, is the district court's accurate summary of prior Texas precedent: that "Texas courts" have not extended the doctrine "to create a duty based upon corporate statements or advertising." *Id.* And the "public pronouncements" in that case referenced the companies' underlying "research regarding cigarette smoking and health." *Id.* Plaintiff's attempt to establish an undertaking here, based on Amazon's "public pronouncements" about its product-safety efforts, seeks the same kind of improper expansion of Texas's negligent-undertaking doctrine.

Plaintiff also quotes from the unpublished decision in *Williams* v. *American Crenova E-Commerce*, No. 4:20-cv-01006 (Feb. 7, 2022). *See* Resp. 2 (quoting Dkt. #12-1 at 6). But the quotation from *Williams*—which construes the statements on Amazon's webpages as a legally

binding promise "to investigate all of its products," Dkt. #12-1 at 6—has no basis in fact or Texas law. As Amazon's Motion points out, and Plaintiff does not dispute, the webpages provide "high-level descriptions of potential future actions," Mot. 11, not the kind of specific promises that Texas precedent requires for a promise-based voluntary undertaking, *see* Mot. 12. And the *Williams* court's misreading of the written material on Amazon's webpages is contrary to Texas and Fifth Circuit precedent. *See id.*

Plaintiff's other argument—quite tellingly—attacks Amazon's reliance on the *Entex* and *Entergy Gulf States* decisions, without addressing any of the other authorities in Amazon's Motion. *Compare* Resp. 6, *with* Mot. 8–14. Plaintiff weakly attempts to distinguish those two opinions by claiming that "[n]one of the defendants in any of those cases had actually undertaken to perform the services about which the plaintiffs were complaining." Resp. 6. But neither did Amazon. *See* Mot. 14. Texas case law does not treat "policies or procedures" as "affirmative acts on the part of the defendant" that can constitute a voluntary undertaking. *Williford Energy Co.* v. *Submergible Cable Servs., Inc.*, 895 S.W.2d 379, 386–87 (Tex. App.—Amarillo 1994, no writ).

Additionally, Plaintiff's explanation for why Amazon did engage in affirmative conduct is contrary to Texas case law. He points out that "Amazon facilitated the sale of the bathmat at issue." Resp. 6. But facilitating a sale is a commercial act, which is not the kind of "protective action" that can trigger the negligent-undertaking doctrine. Mot. 14 (quoting *Elephant Ins. Co., LLC* v. *Kenyon*, 644 S.W.3d 137, 152 (Tex. 2022)). It is also an act that the Texas Supreme Court has held cannot support liability for a defect in a product sold by a third party. *See McMillan*, 625 S.W.3d at 112. Plaintiff also tries to claim that "Amazon made external promises regarding its product-safety efforts." Resp. 6. But that conflates promises with actual conduct, which are separate concepts under the doctrine. *See* Mot. 8. And, in any event, Amazon has explained why

-4-

its promotional webpages are not "external promises" under the Texas negligent-undertaking doctrine. *See* Mot. 8–12.

Finally, Plaintiff's statement that the negligent-undertaking doctrine is "a valid theory of liability" might be construed as an argument that the *Erie* presumption against expanding state tort law does not apply here. Resp. 2. But that does not matter. The Fifth Circuit has made clear that, even with established state-law tort doctrines, federal courts should not be extending state tort law to novel contexts. *See, e.g.*, *Atkinson* v. *Dolgencorp Inc.*, 223 F. App'x 328, 329 (5th Cir. 2007) (refusing "to extend" the established *res ipa loquitur* doctrine to the context of "new chairs that break in a retail store"). So the principle applies here because Plaintiff seeks to expand the doctrine beyond its recognized boundaries.

C.     **Plaintiff does not have a legally viable theory of increased risk or reliance here.**

Turning to the second step of the negligent-undertaking analysis, Plaintiff fails to explain how Amazon's alleged undertaking "either induced reliance or increased [his] risk of harm." Mot. 15 (cleaned up). Plaintiff does not attempt to argue that the factual allegations plausibly suggest the kind of "increased risk" required under the second prong. *Compare* Mot. 15–17, *with* Resp. 7–8. Instead, Plaintiff focuses solely on the reliance element—without meaningfully engaging with the arguments and authorities in Amazon's Motion. *Compare* Mot. 17–20, *with* Resp. 7–8. Amazon will not repeat those arguments in detail. Suffice it to say that Plaintiff's invocation of Amazon's "size and reputation," as well as a vague reference to its "safety-related services," Resp. 7 (quoting Compl. ¶¶ 11, 13), are just as "conclusory" as the general reliance claims rejected by the Texas Court of Appeals in *Freyer* v. *Lyft, Inc.*, 639 S.W.3d 772, 790 (Tex. App.—Dallas 2021, no pet.). And Plaintiff's attempt to lean on his "previous experiences" with Amazon, Resp. 7 (quoting Compl. ¶ 12), is foreclosed by the Texas Supreme Court's holding that

"an express promise [of] future assistance" is required to rely on past experience, *Sbrusch*, 818 S.W.2d at 398 n.4.[1]

Plaintiff's one sentence invoking the *Williams* decision should not prevent this Court from concluding that he has failed to allege facts plausibly establishing the second prong of his negligent-undertaking claim. *See* Resp. 6. As Amazon mentioned—and Plaintiff does not deny— the *Williams* decision predates, overlooks, or did not have the benefit of most of the authorities cited in Amazon's Motion here. *See* Mot. 8–9 n.3. For instance, the *Williams* court's conclusion that the plaintiffs had adequately pleaded reliance cannot be squared with the Texas courts' recent decisions in *Freyer*, 639 S.W.3d at 790–91, and *American Honda Motor Co.* v. *Milburn*, 2021 WL 5504887, at *18 (Tex. App.—Dallas Nov. 24, 2021, pet. filed) (mem. op.). And the *Williams* court's determination that the plaintiffs had alleged a viable theory of increased risk overlooks the two most on-point Texas decisions on the increased-risk-of-harm issue: *Freyer*, 639 S.W.3d at 790, and *Diaz* v. *Southwest Wheel, Inc.*, 736 S.W.2d 770, 773 (Tex. App.—Corpus Christi– Edinburg 1987, writ denied), holding that the defendant's conduct must increase risk of the product malfunctioning. *See Diaz*, 736 S.W.2d at 773 ("[T]he alleged failure to warn did not increase the risk of the rim separating during installation…."). The *Williams* decision therefore provides no basis for this Court to permit Plaintiff to proceed on his fatally flawed claim.

---

[1] Plaintiff also invokes the railroad watchman illustration from Section 324A of the Second Restatement. *See* Resp. 8. But this case is governed by Section 323—not Section 324A—because Plaintiff was the purchaser of the Comuster bathmat. *See* Mot. 6–7. In any event, the illustration has no applicability here because, unlike a railroad that is crossed by third parties who have no relationship with the railroad, Amazon's relationship with Plaintiff is contractually defined by the *Conditions of Use*. *See supra* Part A.

## CONCLUSION

Plaintiff does not have a legally viable negligent-undertaking claim. His theory is not only contrary to Texas case law construing the doctrine, but also foreclosed by the *Erie* presumption against federal expansion of state tort law. And he does not request leave to amend his claim to add allegations that would rehabilitate his claim. Amazon's motion should be granted, and the claim against it should be dismissed with prejudice.

Dated: February 21, 2023

Respectfully submitted,

/s/ *Gregory F. Miller*
Gregory F. Miller (Attorney-in-Charge)
Texas Bar No. 24088062
Federal I.D. No. 3607579
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
Tel: 206.359.8000
Fax: 206.359.9000
GMiller@perkinscoie.com

*Attorney for Defendant Amazon.com, Inc.*

# CERTIFICATE OF WORD COUNT

Pursuant to this Court's Rule 16.c, I certify that the foregoing Reply in Support of Amazon's Motion to Dismiss the First Amended Complaint was prepared using Times New Roman 12-point font with double spacing and contains 1,982 words, excluding the parts of the document that are exempted by Rule 12.c.

This certificate was prepared in reliance on the word-count function of the word-processing system (Microsoft Word) used to prepare the document.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 21, 2023.

/s/ *Gregory F. Miller*
Gregory F. Miller (Attorney-in-Charge)
Texas Bar No. 24088062
Federal I.D. No. 3607579
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
Tel: 206.359.8000
Fax: 206.359.9000
GMiller@perkinscoie.com

*Attorney for Defendant Amazon.com, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on February 21, 2023 to all counsel of record, via the Court's CM/ECF system.

Cesar Tavares
Bar No. 2572168
Alma J. Reyes
Bar No. 1054792
Michael Samaniego
Bar No. 3782332
8441 Gulf Frwy, Suite 600
Houston, TX 77017
(713) 230-2200
tavareslitteam@whlaw.com

*Attorneys for Plaintiff*

<u>/s/ Gregory F. Miller</u>
Gregory F. Miller
